IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DOYLE B. DANIEL, JR. | ) | |
|---|---|---|
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-1117 |
| | ) | Judge Terence F. McVerry/ |
| JAMES T. WYNDER, JR.; THE | ) | Magistrate Judge Amy Reynolds Hay |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF PENNSYLVANIA; THE DISTRICT | ) | |
| ATTORNEY OF THE COUNTY OF | ) | |
| WESTMORELAND, | ) | |
| | ) | |
| Respondents | ) | |

## MEMORANDUM ORDER

The above-captioned habeas petition was received by the Clerk of Court on August 14, 2007, and was filed on October 1, 2007, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

After an extension of time was granted, the answer was filed and a traverse was also filed. The Magistrate Judge's Report and Recommendation, Dkt. [16], filed on September 22, 2008, recommended that the Petition for Writ of Habeas Corpus be dismissed because it was time barred or, in the alternative, the claims were meritless, and further recommended that a certificate of appealability be denied. Service was made on the Petitioner at SCI Dallas, 1000 Follies Road, Dallas, PA 18612. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C.§ 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, that they had ten (10) days to file any objections. After being granted an

extension, Petitioner filed objections. Dkt. [19].

None of those objections bears any mention as the objections are adequately disposed of by the Report. Two brief observations will be made however. Petitioner objects to the invocation of the principle that ignorance of the law is no excuse. That principle is a long cherished and hallowed principle of the law dating to the earliest days of the law in this country. See, e.g., Respublica v. Oswald, 1 U.S. 319, 328 fn* (1788) ("and the offender pleaded ignorance of the law, yet, it is expressly laid down, that ignorance was not an excuse"); Whiteside v. United States, 93 U.S. 247, 257 (1876)("ignorance of the law furnishes no excuse for any mistake or wrongful act."). The rule retains it vigor to this day. Cheek v. United States, 498 U.S. 192, 199 (1991)(" The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system. Based on the notion that the law is definite and knowable, the common law presumed that every person knew the law. This common-law rule has been applied by the Court in numerous cases construing criminal statutes.")(citations omitted).

Petitioner also objects that he is being held responsible for the actions of his attorneys. However, there is nothing objectionable in this. Coleman v. Thompson, 501 U.S. 722, 753 (1991)("[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'"); Harrison v. General Motors Corp., 275 F.3d 47 (5th Cir. 2001) (Table, unpublished), 2001 WL 1268765, at *1 ("Harrison 'cannot rely upon *any* failure on the part of [her] chosen attorney as diligence or an excuse for lack of diligence, because the acts of one's attorney [are] imputed to the client.'").

As none of Petitioner's objections, whether specifically addressed herein or not, is found to be meritorious, the following order is entered.

AND NOW, this 22nd day of January 2009, after de novo consideration of the Report and Recommendation and Petitioner's objections thereto, and upon independent review of the record, it is hereby ORDERED that the habeas petition be DISMISSED and it is ORDERED that a certificate of appealability is DENIED. The Report is adopted as the opinion of the Court as supplemented by this memorandum order. Petitioner is advised that he has the right for thirty (30) days to file a notice of appeal from our order denying his petition, see 28 U.S.C. § 2253(a); Fed. R.App. P. 4(a)(1)(A), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. See Federal Rule of Appellate Procedure 22(b)(1).

                                        s/ Terrence F. McVerry
                                        Terrence F. McVerry
                                          U.S. District Judge

Dated: January 22, 2009

cc:    The Honorable Amy Reynolds Hay
       United States Magistrate Judge

       Doyle B. Daniel, Jr.
       EY-4039
       SCI Fayette
       Box 9999
       La Belle, PA 15450-0999

       All counsel of record via CM-ECF